UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LONNIE J. ALESHIRE, JR.,

        Plaintiff,                                Case No. 2:08-cv-379
                                               JUDGE GREGORY L. FROST
      v.                                  Magistrate Judge Mark R. Abel

LICKING COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.

## OPINION AND ORDER

This matter came on for consideration of Defendant Joanna Cottrell's Motion to Dismiss

for Failure To State a Claim (Doc. # 9) and Defendants Licking County Sheriff's Office, Licking

County Sheriff Randy Thorp, and Licking County Sheriff's Detective Chris Slayman's ("Licking

County Defendants") Motion to Dismiss (Doc. # 13).  For the reasons that follow, the Court

**GRANTS** both motions to dismiss.

## I.  Background

Plaintiff is currently incarcerated in state prison by virtue of having pled guilty to one

count of rape , six counts of unlawful sexual conduct with a minor, and three counts of sexual

imposition in Case Number 2005CR60 in the Licking County Court of Common Pleas.  The

victims of Plaintiff's offenses are Sandra Cottrell and Jacquin Cottrell.  The victims are the

daughters of Defendant Joanna Cottrell.

From January 26, 2005 until December 5, 2005, Plaintiff was incarcerated at the Licking

County Justice Center.  During that period, Plaintiff made telephone calls from the jail, including

calls to his wife.  Plaintiff's jailhouse calls were monitored and/or recorded.  Plaintiff and any

other party to his telephone conversations were provided notice by an audible recording that the

telephone calls were subject to monitoring and/or recording.

Defendant Detective Slayman participated in the investigation of allegations that Plaintiff

committed criminal acts against the minor Cottrell sisters.  As part of that investigation,

Detective Slayman monitored Plaintiff's telephone calls while he was an inmate at the Licking

County Justice Center.

Plaintiff alleges that Detective Slayman intentionally disclosed to Defendant Cottrell

some of the confidential and privileged conversations that were recorded between Plaintiff and

his wife.   Plaintiff further alleges that Mrs. Cottrell used that information in a civil suit she has

brought against Plaintiff.

On April 22, 2008 Plaintiff filed the instant action.  All Defendants have moved for

dismissal for failure to state a claim upon which relief can be granted.  (Docs. # 9, 13.)  Plaintiff

filed a memorandum in opposition to both motions to dismiss (Doc. # 15), Mrs. Cottrell filed a

reply in support of her motion (Doc. # 17), and the Licking County Defendants also filed a reply

in support of their motion (Doc. # 18).

## II.  Standard

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The United States

Supreme Court last year clarified the law with respect to what a plaintiff must plead in order to

survive a Rule 12(b)(6) motion.  *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.

Ed.2d 929 (2007).  Under the Supreme Court's recent articulation of the standard, this Court

must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the

complaint as true, and determine whether Plaintiff's factual allegations present plausible claims.

*See id.* at 1964-65; *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D.

Ohio Dec. 21, 2007)  The United States Court of Appeals for the Sixth Circuit explains:

> The [Supreme] Court stated that "a plaintiff's obligation to provide the grounds of
> his entitlement to relief requires more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of action will not do." [*Twombly*]
> at 1964-65 (citations and quotation marks omitted).  Additionally, the Court
> emphasized that even though a complaint need not contain "detailed" factual
> allegations, its "[f]actual allegations must be enough to raise a right to relief
> above the speculative level on the assumption that all the allegations in the
> complaint are true." *Id.* (internal citation and quotation marks omitted).

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

The claims must be plausible and not merely conceivable.  *Twombly*, 127 S. Ct. at 1974.[1]

### III.  Analysis

Plaintiff alleges that all Defendants have violated the Omnibus Crime Control and Safe

Streets Act of 1968, 18 U.S.C. § 2510 *et seq*. ("Federal Wiretapping Act" or the "Act"), which

prohibits the intentional *interception and disclosure* of wire and oral communications except

under specifically defined circumstances.  Plaintiff argues that, his jailhouse telephone

conversations were illegally disclosed to Defendant Cottrell.

---

[1]This Court notes that all Defendants incorrectly rely on the standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *i.e.*, that this action may not be "dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  However, as the Sixth Circuit has explained:

> In [*Twombly*], the [United States Supreme] Court disavowed the oft-quoted Rule
> 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing
> "the accepted rule that a complaint should not be dismissed for failure to state a
> claim unless it appears beyond doubt that the plaintiff can prove no set of facts in
> support of his claim which would entitle him to relief"), characterizing that rule as
> one "best forgotten as an incomplete, negative gloss on an accepted pleading
> standard." *Twombly*, 127 S. Ct. at 1969.

*Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

Defendants move for dismissal, claiming that Plaintiff cannot maintain a cause of action under the Act because the communications at issue were not "intercepted."  Plaintiff, however, does not claim that Defendants illegally intercepted the telephone conversations.  Indeed, Plaintiff argues:

> [Defendants] have mischaracterized the complaint by focusing on the interception of the phone calls instead of the real issues - the disclosure of that information to a private citizen and the subsequent use of that information by the private citizen in civil litigation.

(Doc. # 15 at 1.)  Plaintiff contends that the Federal Wiretapping Act prohibits the "disclosure" of the recordings made of the telephone calls he made to his wife.  Also, Plaintiff claims that the calls to his wife are protected by the marital privilege, which is not lost under the Act.  Plaintiff's arguments are not well taken.

**A.  Plaintiff's Claim of Illegal Disclosure to a Non-law Enforcement Third Party**

Title III of the Federal Wiretapping Act provides for liability to attach upon any individual who

> (c) *intentionally discloses*, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the *interception* of a wire, oral, or electronic communication in violation of this subsection;

18 U.S.C. § 2511(1)(c) (emphasis added).  As the plain language of the statute makes clear, intentional disclosure of a communication is only prohibited if the communication was obtained through interception.  Thus, contrary to Plaintiff's argument, the Court must first determine whether the telephone call recordings constitute an interception before it decides whether that interception was intentionally disclosed.

As defined by the Act, the term "intercept" means "the aural or other acquisition of the

contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." *Id.* § 2510(4).  The United State Court of Appeals for the Sixth Circuit has explained that for liability to attach under the Federal Wiretapping Act there "must" be an interception.  *First v. Stark County Bd. of Comm'r*, No. 99-3547,  2000 U.S. App. LEXIS 25469, *8 (6th Cir. October 4, 2000) ("For liability to attach, however, there must be an "interception.' "); *see also Zerilli v Evening News Assoc.*, 628 F.2d 217, 219 (D. D.C. 1980) (to be actionable the individual must have engaged "in an unlawful interception or to disclose or use information that was obtained by such means").

The Court concludes that the recordings at issue in this action are not subject to the Federal Wiretapping Act because they are not "interceptions" as that term is defined by the Act. The communications at issue are not interceptions because there are two statutory exceptions that apply to prevent the communications from constituting interceptions.

First, there is a law enforcement exception which excludes from the definition of "interception" recordings made by "any telephone or telegraph instrument, equipment or facility, or any component thereof . . . being used by . . . an investigative or law enforcement officer in the ordinary course of his duties."  18 U.S.C. § 2510(5)(a)(ii).  *See also Adams v. City of Battle Creek*, 250 F.3d 980, 984 (6th Cir. 2001) ("Congress most likely carved out an exception for law enforcement officials to make clear that the routine and almost universal recording of phone lines by police departments and prisons, as well as other law enforcement institutions, is exempt from the statute.") (citation omitted).  Plaintiff does not dispute that the communications about which he complains fit in the law enforcement exception.

Second, there is a consent exception that prevents the recordings at issue from

constituting an interception under the Federal Wiretapping Act.  As our sister district court aptly

explains:

> The Federal Wiretapping Act's prohibition against the interception of wire, oral,
> or electronic communications does not apply when "one of the parties to the
> communication has given prior consent to such interception."  18 U.S.C. §
> 2511(2)(c).  *See also United States v. Hammond*, 286 F.3d 189, 192 (4th Cir.
> 2002); *United States v. Faulkner*, 323 F. Supp.2d 1111, 1117 (D. Kan. 2004).
> The consent exception is construed broadly.  *United States v. Amen*, 831 F.2d
> 373, 379 (2d Cir. 1987); *United States v. Rittweger*, 258 F. Supp.2d 345, 354
> (S.D.N.Y. 2003).  "Consent may be express or implied in fact from 'surrounding
> circumstances indicating that the [defendant] knowingly agreed to the
> surveillance.' "  *United States v. Rivera*, 292 F. Supp.2d 838, 844 (E.D. Va. 2003)
> (citing *United States v. Van Poyck*, 77 F.3d 285, 292 (9th Cir. 1996)).
>
> "In the prison context, when the facility has notified an inmate that his telephone
> calls may be recorded and monitored, the inmate's subsequent use of the
> telephone implies the requisite statutory consent to the recording and
> monitoring." *Rivera*, 292 F. Supp.2d at 844; *Hammond*, 286 F.3d at 192;
> *Faulkner*, 323 F. Supp.2d at 1117 (at outset of telephone call, the operator
> informs the recipient that this is a collect call and that the conversation is subject
> to monitoring and recording); *United States v. Workman*, 80 F.3d 688, 692-93 (2d
> Cir. 1996) (finding consent even though appellant, having been warned of
> monitoring, was not specifically told that use of prison telephones constituted
> consent or that monitoring could include recording).

*United States v. Sutton*, No. 4:03CR-32-M, 2004 U.S. Dist. LEXIS 27743, *5-8 (W.D. Ky. Nov.

17, 2004).

Plaintiff here does not dispute that he was notified that his jailhouse calls to his wife

would possibly be monitored and/or recorded.  Consequently, the consent exception prevents the

recording of his calls to his wife from constituting interceptions.  Since there was no interception

of Plaintiff's telephone calls to his wife, the recordings made of the communications are not

subject to the Federal Wiretapping Act and the question of illegal disclosure simply is not

reached.

Accordingly, even when construing the complaint in favor of Plaintiff and accepting all

of the well-pled factual allegations as true, Plaintiff has failed to present any plausible claim in this action.  *See Twombly*, 127 S. Ct. at 1974.

### B.  Plaintiff's Claim of Illegal Disclosure of his Privileged Communications

Plaintiff argues that the telephone conversations in question are the product of a marital communication, which is privileged and cannot be disclosed for that reason.  This Court disagrees.

For the marital privilege to attach, the communication must be made in confidence, *i.e.*, in private.  *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993).  Both Plaintiff and his wife were specifically notified before each conversation that the talk may be monitored or recorded.  A conversation that is monitored or recorded is, by definition, not private.

Consequently, the marital privilege did not attach to Plaintiff's recorded telephone conversations with his wife.  Accordingly, even construing the complaint in Plaintiff's favor, he has failed to present any plausible claim to this Court.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Joanna Cottrell's Motion to Dismiss For Failure To State a Claim (Doc. # 9) and **GRANTS** the Licking County Defendants' Motion to Dismiss (Doc. #13).  The Clerk is **DIRECTED** to **ENTER FINAL JUDGMENT** in this action.

**IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**